Your argument in Appeal Number 2011-3198, Hilliard v. Ameri-Systems Protection Board. Mr. Landon, before you begin your argument, do you have any explanation as to why you were not here on time? Yes, Your Honor. I called the clerk's office because my battery died in my car, and I was up on Connecticut Avenue, and it indicated that I was going to either try to get a boost and get here then or take a taxi. And the clerk then indicated that they would put my case last. Very good. Well, these things do happen, and I'm happy you're here. We're happy to hear your argument. Good morning, Your Honors. The issue squarely before this Court, in our opinion, is whether or not a case filed in the United States District Court for the District of Columbia indeed included a cause of action for the petitioner's removal from her position of employment. It is our position that it does not. If you follow the mandate of the Federal Rules of Civil Procedure that pleadings are to be construed to do substantial justice, there is no removal in that amended complaint. The MSPB, however, without being specific and without allowing the then-appellant an opportunity to argue the issue, determined that this appeal before the MSPB fell within the strictures of Connor v. U.S. Postal Service and that you cannot litigate simultaneously a case pending in District Court and a case before the MSPB. And that's how we arrived here. Our position is simply that when you examine a plea, you don't find a cause of action for removal. What you find is that based on a 2009 EEO formal complaint being filed and never investigated, you find that the complaint and the first amended complaint before the U.S. District Court is what is reflected in that internal EEO complaint. Secondly, our position is simply that in order for the removal to have been properly before the U.S. District Court, there would have had to have been filed an internal EEO complaint with the agency, Walter Reed Arms Medical Center. No such internal EEO complaint was ever filed on the removal itself. And consequently, it would have been premature, assuming out of your window, that the amended complaint did contain a cause of action for removal. It would have been premature and that court would not have had jurisdiction over that amended complaint. Hold on, hold on. Clear. I mean, there are a number of D.C. Circuit cases not cited in the briefs that suggest that an event that happens after the EEO complaint has been disposed of can properly be raised in the District Court, even though it wasn't first raised before the EEOC. There are cases to the effect, Your Honor. I think the term that's used in those cases is that if it's substantially related, that it can be raised in the District Court complaint. But again, an examination of the pleadings don't put forth the merits of the removal at all in our opinion. Where do you stand now, Mr. Landon? I take it that the MSPB action, appeal to the MSPB has been dismissed, but you still have a District Court case, although that's been dismissed, but it was without prejudice? That is correct, Your Honor. The District Court case was dismissed voluntarily prior to the MSPB rendering its decision that the appeal is dismissed. So you can't go, unless we reverse it, you can't go to the MSPB anymore, but you could go to the District Court. Is that where we stand? That is correct. We could go to the District Court and seek to amend the complaint to include the removal. However, we would be obligated to prove that the removal would be based upon a violation of Title VII. That's an additional burden of proof. Where if we go to the MSPB, we simply have to defend against the decisional removal as being an improper personnel action. I thought that the same grounds that you challenged before the MSPB were the same as in the District Court. That is because it was discriminatory and retaliatory. That would be as relates to affirmative defense, but we challenged the removal on the basis that there was no evidence to warrant that decision. The agency by statute has been compelled to justify the removal. We were going to raise the EEO issue in terms of retaliation, but our obligation then is to assert that as an affirmative defense. I understand what you're saying. You're saying that the appeal to the MSPB was based on reasons other than discrimination and retaliation. Yes. If there are no other questions, we'll move on. Thank you very much. Thank you. An election is made when the form is chosen, not when a complaint is amended or dismissed or there's subsequent adjudication. We haven't had a case involving a dismissal on whether that would be different than Connor, right? That's correct. In fact, Connor, I believe, is the only published decision by this court on the issue. There's a published decision of the Sixth Circuit which says that in these circumstances, there wouldn't be a problem. Are you familiar with that? I don't think, actually, that was cited in the briefs. The name of it is Valentine-Johnson. It's at 386 Fifth Street, 800. It talks about Connor and it says, Had plaintiff filed her own instinct by dismissing her district court case without prejudice, she could have considered her discrimination and retaliation claims with her termination claim in a mixed-case appeal before the MSPB, as specified in the party settlement agreement. So the Sixth Circuit appears to believe that if you dismiss without prejudice, that that solves the Connor problem. Now, it's a victim of the solid circuit, but there is some authority. Sorry that I'm not aware of Valentine. It sounds like it's directly at odds with Connor, which relied on the EEOC regulation, which says the election is made by whichever came first. Well, Connor was a mixed case, right? That's correct. Except that Connor doesn't involve the situation where the district court proceeding was dismissed without prejudice. That's correct. Although in Connor, the court did rely on the regulation, and the regulation clearly states that the election is made by whichever came first, not by what happened subsequently before a district court or before the MSPB. So once this was, this removal claim... Well, the regulation says whichever came first. Yeah, but the regulation doesn't address this question either about if there's a dismissal of district court action. Well, I think the plain language of the regulation, which says whichever is filed first shall be considered an election to proceed in that forum. And here we know which one came first. The amendment of the complaint made the district court first. It was almost a month later when Dr. Hilliard filed at the MSPB with the same discrimination allegations. So here we have... You know, under the language of the regulation, it's clearly within the regulation. We have... We know what came first. It was the district court filing. Does it make a difference to the fact that the district court filing was not a mixed case? It was simply a complaint based on Title VII? The removal wasn't asserted in the original complaint, correct? That's correct, although it wasn't directly asserted, although I believe there are many allegations that sort of overlap. It would be hard to address the allegations in any of these complaints without addressing the relief that Dr. Hilliard is seeking, which is reinstatement. It's the same relief that is being sought at the MSPB. You're suggesting the implication throughout was, I got fired. Exactly. Exactly right. I mean, the first complaint focused... Because it focused as if the removal hadn't happened yet. I believe it happened the same day the complaint was filed. And the amended complaint raised allegations directly related to the investigation and the removal. But wait a second, the complaint couldn't have raised the removal because the removal hadn't happened at that point. The first complaint did not. That's my point. That's true. So the first complaint is based upon basically discriminatory acts, and only discriminatory acts, and the regulation that talks about choosing between one path versus another is directed to situations involving mixed case complaints. That is correct. So isn't there a distinction on that basis? Well, two days after the complaint was filed, she amended her complaint. And it became a mixed case because she brought in allegations related to the adverse action, which was her removal. And that was still almost a month before she came to the MSPB on a mixed case. So then the question becomes whether that amendment is what we look to, or whether the original complaint is what we look to, in determining whether there's an election of one path or another. Well, either way it came before her MSPB appeal. Both the first amended complaint and the original complaint were filed about a month prior to the MSPB appeal. You're suggesting the amended complaint was a restatement of a claim in the district court, which occurred prior to, which was an election prior to the MSPB. That's correct. That's correct. Actually, wasn't there a third amendment? But maybe that took place after the MSPB. Yes, there was a third amendment to the complaint where, I believe that the purpose of that was to try to remove the removal claim from the complaint. To supersede these earlier complaints and to try to proceed without the removal claim so that she could bring her MSPB appeal simultaneously. But under the regulation, it's which forum is chosen first. The second forum had already been chosen, district court, where she could get a de novo consideration of all of her discrimination allegations. But generally, getting back to the dismissal, the dismissal was without prejudice. And that generally means that it's treated as if it never happened, whether the complaint never really happened. Does that make a difference here? Well, it allows, actually it allows Dr. Hilliard to come back to district court. And so it keeps this problem continuing where there's two proceedings going on. You have the district court, which is keeping the door open. And then the board did the same thing. The administrative judge twice dismissed without prejudice in order to see how things were playing out in district court. I think that's the whole problem with simultaneous litigation is that the MSPB judge is looking at the district court to see how that's going to play out and how that will affect the board's jurisdiction. The district court was willing to go along with this voluntary dismissal. But there's a simple rule in the regulation that whichever came first is the election. Well, but it's an EEOC regulation, not an MSPB regulation, right? That's correct. So it's a little odd that the EEOC would be telling the board what its jurisdiction is. Well, that's what Connor stated applied, and it applies because of the election to go through the EEO process. And once that election is made to go the EEO route with discrimination claims, then EEOC regulations apply, not MSPB regulations. Except that the EEOC regulation and Connor don't address the question of whether you can undo the election by dismissing the district court case without prejudice. Well, there's nothing in the EEOC regulations that permits revocation of an election. Or addresses the question one way or the other, right? Well, I believe it does address the question by stating whichever came first, and that makes it simple to determine which came first unless they're filed simultaneously. In that case, it would be... You're saying the regulation by negative inference precludes a withdrawal. Is that... Neutralizing the initial filing. The act that constitutes the election is the choice of the forum, not the subsequent events, whatever happens. I mean, it could have been the district court could have dismissed in any event for lack of jurisdiction for some reason, or all kinds of things could have happened subsequent to the election. It was the election, though, that was her choice of forum. Once she chose her forum, that was the forum where the litigation should take place, not in both forums and not back and forth, but district court. And that's what Connor recognizes. And this is... Except for the voluntary dismissal. Yeah, except for the fact of the case. Well, I mean, in Connor, the court could have said, well, you can fix this by voluntarily dismissing your complaint in district court, but this court did not say that in Connor. I mean, that's a possibility in every case. You can get out of an election by... You're not encouraging us to write dictum, are you? No. But that would be a way to undo any election, if that was a possibility. And as far as I know, there's no case that says that. And the petitioner hasn't cited any. As far as the... Just to address quickly this exhaustion, administrative exhaustion issue, which was raised in the reply brief, and today it was not raised before the board, the idea that there was no administrative exhaustion before the district court. But that's a question for the district court to address, not the MSPB. The district court addresses its own jurisdiction, and that issue was not addressed by the district court, and may be addressed if it's reinstated at the district court. Administrative exhaustion may well be an issue, but it has not been addressed. Unless there's any further questions. Thank you very much. Mr. Landon, you get the last word. I want to make sure that the facts are clearly understood, because I heard His Honor state that the characterization is that the amended complaint, the first amended complaint and the second and third, there were only two amendments to the district court complaint. The second amended complaint removed any reference where there could be any construction that the removal was before the court. But that came after the MSPB file? No, before. It came before the MSPB file? Yes, before. And a motion to dismiss the complaint was filed by the government, and what was adjudicated was the motion to dismiss the complaint, which involved no reference to removal whatsoever, and the court denied that motion. And so what you have is really a first amended complaint that never went anywhere, because it was superseded by a second amended complaint. And that is what is at issue, whether or not that truly addresses the decision of the government to remove the petitioner. Secondly, I would say that I don't know of any case where I was unfamiliar with the case that His Honor referred to with respect to the Sixth Circuit. I would say simply that this petitioner is entitled to have her day before the MSPB, and I think this matter could have been dealt with if she had been afforded an opportunity to address the issue of the pleadings in the district court. But that decision was summarily made, and it was clear that at the time the decision was made, more so than a couple of months before, that the complaint in the district court had been dismissed voluntarily. And I just wanted to bring that to the court's attention. She should not have to prove that she was removed on the basis of discrimination. She should simply be able to prove that it was an improper personal action for her to be removed. And the only forum that she can do that in is the MSPB. Thank you. Thank you very much. The case is submitted. That concludes our arguments this morning. All rise. The Honorable Court is adjourned until tomorrow morning at 10 o'clock a.m.